[No. 5025.]

## B. S. BROOKS *v.* R. S. CARPENTIER, H. W. CARPENTIER, E. ADAMS, J. H. SAUNDERS, JOHN B. FRISBIE, AND RAMON DE ZALDO.

RELIEF IN EXCESS OF PRAYER.—Where the complaint alleged that all the defendants except two had acquired interests in the land in controversy, the prayer was that the "defendants" be required to convey to the plaintiff the interest which he claimed, and the action was dismissed as to two of the defendants—the other defendants being required by the judgment to convey to the plaintiff the whole amount claimed: *held*, that the relief granted by the judgment was not in excess of the prayer of the complaint.—[REPORTER.]

APPEAL from the District Court of the Fifteenth Judicial District, City and County of San Francisco.

The facts appear in the opinion.

*H. P. Irving*, for Appellants.

*B. S. Brooks*, for Respondent.

By the COURT:

Judgment was taken against the defendant Adams by default, and no appeal was prosecuted within the statutory time. More

than two years after the judgment was entered, Adams moved to set it aside, on the ground that the relief granted was in excess of that prayed for in the complaint, in violation of sec. 580 of the Code of Civil Procedure, and that for this reason the judgment was void. The motion was denied, and Adams appeals.

Waiving the question whether the judgment would be void if the relief granted exceeded that prayed for, we proceed to inquire whether the relief granted was in fact in excess of the prayer of the complaint. The proposition of the appellant is that the relief granted was excessive, because *all* the defendants, except Frisbie and De Zaldo, were alleged to have acquired interests in the land which were subject to the plaintiff's claim, and the prayer was that the " defendants " be required to convey to the plaintiff the interest which he claimed. As the appellant construes it, this was, in legal effect, a prayer that each defendant convey his proportionate share of the whole amount required to be conveyed. But in the judgment it was adjudicated that the action be dismissed as to the two Carpentiers, who were defendants, and that the other defendants convey to the plaintiff the whole amount claimed. It is argued that because the prayer was that *all* the defendants convey a quantity sufficient in the aggregate to make up the total amount claimed, and because the decree dismissed the action as to the two Carpentiers, and required the other defendants to convey the whole amount claimed, the relief granted was in excess of that prayed for. But the appellant's construction of the prayer of the complaint is too narrow. The prayer must receive a reasonable interpretation, and is to be construed in reference to the purposes and nature of the action; and in legal effect, it was a prayer that such of the defendants as should be adjudged to have an interest in the land which was subject to the plaintiff's claim, be decreed to convey. On the appellant's theory, if the plaintiff had discovered immediately after the commencement of the action that the Carpentiers had not, and never claimed to have, any interest in the land, and had dismissed the action as to them, after which he had taken a judgment by default against the other defendants, requiring them to convey the

whole amount claimed, the relief granted would have been in excess of that prayed for. But we do not understand this to have been the scope and intent or legal effect of the prayer. On the contrary, as before stated, its obvious meaning was that the defendants, or such of them as should be adjudged to have an interest in the land which was subject to the plaintiff's claim, should be required to convey.

Order affirmed. Remittitur forthwith.